———————o———————

## No. 6207.

## OCTAVE LEMON, ET ALS., vs. L. H. MARRERO, SHERIFF, AND MARY JANE WRIGHT, ADMINISTRATRIX OF SUCCESSION OF SOLOMON LEMON.

### Syllabus.

1. The requirement as to notice of judgment pertains to the execution of and appeals from judgments and is wholly foreign to the matter of applications for a new trial.

2. After a judgment has been signed and the delays for applying for a new trial have expired, the trial Court is powerless to revise the judgment.

Appeal from the 28th Judicial District Court, Parish of Jefferson, Honorable P. E. Edrington, Judge.

P. E. Edrington, Jr., for plaintiff and appellee.

C. A. Buchler, for defendant and appellant

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

On May 1st, 1914, judgment was rendered and signed maintaining defendant's exception and dismissing plaintiff's suit. More than three judicial days thereafter, namely, May 19th, the plaintiff applied for a new trial, and it was granted. Thereupon defendant appealed and in support thereof contends that the motion applying for a new trial and the judgment granting same should be reversed, as more than three judicial days having elapsed since the signing of the judgment, it was too late for the trial Court to entertain or pass upon a motion for a new trial or in any way to revise its own judgment.

The contention is well founded under 'C. P., 558, which with certainty fixes the delay within which a new trial should be sought. This delay runs from the rendition of the judgment and not from the date when the judgment has been notified. The requirement as to notice has to do solely with the execution of the judgment and the delays for appeal.

As the trial Court was wholly powerless to entertain the application for a new trial, it is futile to enquire into or consider the grounds upon which it granted same in the present instance.

Noland & Morancy vs. Bemis, 14 A., 49.
State ex rel. Mahan vs. Bank, 28 A., 874.

The judgment is set aside, annulled and reversed and it is now decreed that there be judgment dismissing the ap-

plication for a new trial at the costs of the plaintiff in both Courts

Judgment reversed.

Opinion and decree, November 23, 1914.